Robert V. and Jean M. O'Connell v. Commissioner.
O'Connell v. Commissioner
Docket No. 862-70 SC.
United States Tax Court
T.C. Memo 1971-71; 1971 Tax Ct. Memo LEXIS 263; 30 T.C.M. (CCH) 296; T.C.M. (RIA) 71071; April 13, 1971, Filed *263 Robert V. O'Connell, pro se, 36 Lonezuyrd., Andover, Mass. William T. Hayes, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: The respondent determined a deficiency in petitioners' federal income tax for 1966 in the amount of $391.48. The deficiency arose from several adjustments made by the respondent, all but one of which have been settled by agreement between the parties. The only issue remaining for the Court is whether or not the petitioners are entitled to a medical and dental expense deduction of $2,138.52. Findings of Fact Robert V. and Jean M. O'Connell, husband and wife, were residents of Andover, Massachusetts, at the time the petition was filed in this case. For the year 1966 the petitioners filed an income tax return which itemized various deductions. Under the medical and dental expense deduction they listed the total cost of medicine and drugs at $615. After subtracting 1% of their total income ($150), they added other medical and dental expenses of $2,123.52. [1] The total of $2,588.52 was subject to a 3% limitation of $450 so that the petitioners claimed a medical and dental expense deduction of $2,138.52. *264 The respondent, in his pleadings, indicated that he had allowed the petitioners a medical expense deduction of $929.65. The medical expenses claimed by the petitioners and the amounts allowed by the respondent are set forth below: Medical Expenses - 1966
Payee
Claimed
Allowed
Group Insurance - Work
$ 175.27
$ 0
Blue Cross-Blue Shield
112.00
56.90
Dr. Finesinger
500.00
300.00
Dr. Abrams
395.00
395.00
Dr. Skillings
275.00
177.00
Dr. Miller
105.00
105.00
Dr. Loman
100.00
0
Dr. Posin
50.00
50.00
Dr. O'Rielly
75.00
42.00
Dr. Karian
20.00
20.00
Dr. McNeely
25.00
25.00
Dr. Wyman
15.00
0
Dr. Spear
20.00
10.00
Dr. East
20.00
0
Dr. D'Urso
10.00
10.00
University Hospital
155.75
155.75
Bon Secor Hospital
15.00
5.00
Toledo Clinic
10.00
10.00
Emerson Laboratory
15.00
5.00
Rooney Laboratory
8.00
8.00
Mass. Gen'l. Hospital 12.50
0
Totals
$2,113.52
$1,374.65
Prescriptions:
Star Pharmacy Liggett Drug Scalp & Face Medication
$185.00
0
Hormones & Tranquilizers
285.00
0
Penicillin, Sulfur, etc 145.00
0
Totals
$615.00
0
*265 297 The year 1966 was one in which the petitioners experienced heavy medical expenses. Jean O'Connell suffered a serious scalp and skin infection which caused her mental distress. She was required to use hormones and tranquilizers as well as scalp and face medication. In addition, the petitioners' youngest son was ill during 1966 and used penicillin and sulfur drugs. The petitioners kept records of their medical expenses for the year 1966. However, the petitioner-husband changed jobs in 1966 necessitating several trips between Toledo, Ohio, and Andover, Massachusetts, in 1966 and later years. In making these trips he either lost or misplaced his records. Petitioners are entitled to a deduction of $400 for prescriptions and drugs for the year 1966 (subject to the 1 percent limitation). Opinion The evidence adduced at the trial clearly establishes that the petitioners paid substantial amounts in 1966 for medical fees to doctors as well as for prescriptions and drugs. The Court does not believe this evidence is sufficient to increase the amounts already allowed for doctors' fees by the respondent. However, as reflected in our findings of fact, it does believe that the *266 petitioners are entitled to some allowance for amounts paid for prescriptions and drugs. Mr. O'Connell's testimony, the nature of the illnesses involved and the fact that the respondent has allowed substantial amounts claimed by the petitioners as payments to doctors and various hospitals, indicate that there must have been some expenditures for prescriptions and drugs. Since the evidence is inconclusive as to the exact amounts allowable, the Court, exercising its best judgment under these circumstances, has allowed approximately 65% (or $400) of the amounts claimed by the petitioners in order to avoid any possible duplication. (C.A. 2, 1930). Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. This figure is apparently the result of a mathematical error and should actually be $2,113.52.↩